UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NITZHIA NISSIM, for herself and all others similarly situated<br><br>                              Plaintiff,<br><br>         -against-<br><br>TRANS UNON LLC; EQUIFAX INFORMATION SERVICES LLC; and EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>                              Defendants. | Index Number:_____<br><br><br>**CIVIL CLASS ACTION**<br><br>**COMPLAINT**<br>**AND JURY DEMAND** |

Plaintiff alleges:

## NATURE OF THE ACTION

1. Defendants prepared false credit reports in violation of the Fair Credit Reporting Act, 15 USC §§ 1681 *et seq.*, ("FDCPA") and state law analogues.

2. Specifically, Defendants falsely reported an inflated charged-off balance, or post-charge-off balance, for a credit card account in Plaintiff's name.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 15 USC § 1681p, and jurisdiction over pendant state law claims pursuant to 28 USC § 1367.

4. Plaintiff is a natural person and a resident of this judicial district. Plaintiff is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

5. Equifax Information Services LLC ("Equifax") is a limited liability company organized under the laws of Georgia, with a principal place of business in Atlanta, Georgia.

1

6. Trans Union, LLC ("TransUnion") is a limited liability company organized under the laws of Delaware, with a principal place of business in Chicago, Illinois.

7. Experian Information Solutions, Inc. ("Experian") is a corporation organized under the laws of Ohio, with its principal place of business in Costa Mesa, California.

8. Equifax, TransUnion, and Experian are each a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## FACTS AS TO NAMED PLAINTIFF

10. A "tradeline" refers to an account, and account information, reported on a consumer credit report.

11. Equifax, Experian and TransUnion each report a tradeline for a credit card account held by Plaintiff with Barclays Bank Delaware (the "Barclays Account").

12. Equifax, Experian, and TransUnion each report the "credit limit" for Plaintiff's Barclays Account at $2,000. The credit limit indicates the maximum amount of credit the account issuer will extend to the consumer.

13. Equifax, Experian and TransUnion each report Plaintiff's Barclays Account as "charged-off." A creditor of a credit card account "charges-off" the account when the creditor determines it is unlikely to recover amounts owed on the account.

14. Charged-off credit card accounts are closed, and in most cases have been closed for one or more months prior to charge-off. A consumer can no longer use a closed credit card account to obtain credit or incur new credit transactions.

15. Credit card issuers are not obligated to send, and in fact generally do not send, monthly billing statements to consumers for charged-off credit card accounts. This is common

knowledge in the credit card industry and among all defendants.

16. Credit card issuers generally do not assess or impose contractual interest on charged-off credit card accounts. This is common knowledge in the credit card industry and among all defendants.

17. Credit card issuers are prohibited by federal regulations from charging contractual interest on any charged-off account for which monthly billing statements are not sent. This is common knowledge in the credit card industry and among all defendants.

18. The last monthly billing statement Plaintiff received for the Barclays Account was either dated March 21, 2016 and reflected a balance of **$1,906**, or in the alternative, was dated to April 2016 and reflected a balance of **$1,947**.

19. Plaintiff received collection letters for collection of the Barclays Account from debt collectors, each reflecting a total balance on the account of **$1,947**. These letters are from Northstar Location Services, LLC, dated May 9, 2016, and again dated May 23, 2016; from debt collector "ERC" dated July 7, 2016; and from Capital Management Services, LP dated November 3, 2016.

20. Equifax, Experian, and TransUnion each falsely report the balance on Plaintiff's Barclays Account, as of May 2, 2016, at **$2,377**.

21. Equifax and TransUnion each report that Plaintiff's Barclays Account was charged-off in April 2016, with a balance of **$1,683**.

22. It should be obvious to Equifax and TransUnion that the balance on Plaintiff's Barclays Account, as of May 2, 2016, could not be $2,377, if the account was charged-off the previous month with a balance of $1,683.

23. Experian falsely reported Plaintiff's Barclays Account was charged off in April 2016

3

with a balance of $2,377.

24. Experian reported the balance on Plaintiff's Barclays Account of $1,906 and $1,947 for February and March, 2016, respectively.

25. It should be obvious to Experian that, if the balance on Plaintiff's Barclays Account was $1,947 as of March 2016, it could not possibly be $2,377 one month later.

26. Is should be obvious to Experian, Equifax and TransUnion that Plaintiff could not use her Barclays Account card to incur credit above the maximum credit allowed on the account of $2,000, as each credit reporting company itself reported.

27. Even at the punitively high interest rates charged by banks for defaulted credit card debt, it would be impossible for the balance on Plaintiff's Barclays Account to be $2,377 as of May 2, 2016, as reported by Equifax, Experian, and TransUnion, in light of the information already within each of these Defendants' possession.

28. Moreover, it would be reasonable for Equifax, Experian and TransUnion to require, but these companies fail to require, that a credit card issuer such as Barclays Bank indicate, in furnishing charged-off credit card information, whether any post-charge-off interest or fees have been imposed, and the amounts thereof. Had Equifax, Experian, and TransUnion required such information from Barclays, it would have been immediately clear that the $2,377 balance reported for Plaintiff's Barclays Account was erroneous.

29. Creditors such as Barclays Bank keep records of post-charge-off interest and fees, and regularly provide such information to third-parties. For example, the debt collection letter Plaintiff received from Capital Management Services for collection of the Barclays Account dated November 3, 2016, described more fully above, contains separate line item balances for amounts due at charge-off, and post-charge-off interest and fees.

30. Each defendant prepared a consumer report concerning Plaintiff, containing the false Barclays Account balance of $2,377 described above, and furnished the same to a third party.

31. The falsely inflated balance reflected poorly on Plaintiff, suggesting Plaintiff owed amounts she in fact did not, and suggesting she was delinquent for payments she never owed.

32. Plaintiff does not, in this pleading or in this action, concede any liability on the Barclays Account, but preserves all defenses and objections thereto.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all those similarly situated.

34. The "**Experian Class**," the "**Equifax Class**" and the "**TransUnion Class**," consist of all consumers regarding whom, respectively, Experian, Equifax and TransUnion prepared a consumer report and where:

    a) Such consumer report lists a tradeline for a credit card account with Barclays Bank Delaware; and

    b) Such tradeline is reported as charged off; and

    c) The balance for the account reported as of the date of charge off, or thereafter, is falsely inflated.

35. The Class period begins five years prior to the filing of this Action and is ongoing through the present.

36. This Action is properly maintained as a class action.

37. According to information filed with the Federal Deposit Insurance Corporation, Barclays Bank Delaware charged-off more than $1.1 billion in credit card debt in 2016 alone.

38. Upon information and belief, Equifax, Experian and TransUnion have prepared thousands – and potentially tens or hundreds of thousands – of credit reports containing tradelines for charged-off Barclays Bank credit card debts.

39. Barclays Bank furnishes information to Equifax, Experian and TransUnion for credit card tradelines through highly automated information technology systems and database interface systems.

40. Upon information and belief, faulty reporting of Plaintiff's Barclays Bank credit card tradeline reflects a flaw in the data systems used generally by Equifax, Experian and TransUnion to obtain such tradeline information from Barclays Bank, and to report such information on consumer credit reports. Upon information and belief, the flaws in credit reporting regarding Plaintiff alleged more fully above are indicative of system flaws affecting class members generally.

41. The Classes satisfy the requirements of Rule 23 of the FRCP for maintaining a class action:

   a) Upon information and belief, each of the Classes is so numerous that joinder of all members is impracticable.

   b) There are questions of law and fact which are common to members of each of the Classes and which predominate over questions affecting any individual Class member. These common questions of law and fact include whether the defendants violated the FCRA and its state law analogues; the processes each defendant has in

place to assure maximum possible accuracy of consumer reports; and the furnishing of data by Barclays Bank Delaware to consumer reporting agencies.

c) Plaintiff's claims are typical of Class members', which all arise from the same operative facts and are based on the same legal theories.

d) Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Classes. Plaintiff will fairly and adequately protect the interest of the Classes and has retained competent counsel for such purposes.

e) A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

f) A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

g) Defendants have acted on grounds generally applicable to each of the Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole

h) A class action will avoid the risk of inconsistent results that may arise if different proceedings are brought.

i) Defendants maintain records sufficient to administer this action as a class action, including records of relevant information furnished by Barclays Bank, and

information reported concerning class members to third parties in consumer credit reports.

## COUNT I

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 USC § 1681e(b) AND STATE LAW ANALOGUES

42.   All preceding paragraphs are re-alleged.

43.   Count I is brought by Plaintiff for herself and the Classes alleged more fully above.

44.   Equifax, Experian and TransUnion prepared consumer reports stating a false balance on Plaintiff's and Class members' charged-off Barclays Bank credit cards.

45.   Experian prepared a consumer report stating a false charge-off amount for Plaintiff's and Class members' Barclays Bank credit card.

46.   Such false reporting resulted from Defendants' failure to maintain reasonable processes to assure the maximum possible accuracy of consumer reports.

47.   Such false reporting reflected poorly on Plaintiff's and class members' credit profiles to third-parties.

48.   Defendants violated section 1681e(b) of the FCRA and its state law analogues.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully demands judgment against Defendants as follows:

a)   Certifying the alleged Classes, appointing named Plaintiff and undersigned counsel to represent the same, and ordering that this action proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b)   Awarding Plaintiff and the Classes statutory and actual damages;

c)   Declaring that the conduct complained of herein violates the FCRA and its state law analogues;

d) Equitable and injunctive relief sufficient to remedy Defendants' violations of the law;

e) Costs of this Action, including reasonable attorneys' fees and expenses;

f) Interest as allowed by law and all such further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: March 23, 2017
New York, New York

**POSNER LAW PLLC**

*s/ Gabriel Posner, Esq.*
270 Madison Avenue, Suite 1203
New York, New York
Phone: 646-546-5022
Email: gabe@PosnerLawPLLC.com
*Attorney for Plaintiff*